[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14741
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60066-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ENRIQUE LEGON MENA,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Luis Enrique Legon Mena appeals his conviction and 20-month custodial

sentence for one count of conspiring to smuggle aliens.  He argued that the district

court abused its discretion in not finding that the government committed a discovery violation and in admitting certain documentary evidence consisting of DHL shipping documents. He also argues that the district court erred when it applied a three-level sentencing enhancement based on acquitted and uncharged criminal conduct, which showed he smuggled five or more aliens, and that the district court imposed an unreasonable sentence. We see no reversible error.

## I.

We review discovery rulings for an abuse of discretion. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008). The court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005). We will not reverse a conviction on the basis of a discovery violation unless it violates that defendant's substantial rights. *United States v. Camargo–Vergara*, 57 F.3d 993, 998 (11th Cir.1995). "Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury." *Id.* at 998-99.

2

Rule 16 of the Federal Rules of Criminal Procedure requires that the government permit the defendant, upon request, to inspect all documents the government intends to use in its case in chief.  Fed.R.Crim.P. 16(a)(1)(E).  In addition, the government has a continuing duty to disclose newly discovered evidence.  *See* Fed.R.Crim.P. 16(c).  If a court determines that a party violated Rule 16's requirements on a certain item of evidence, the court may (1) grant a continuance, (2) prohibit the violating party from introducing the evidence, or (3) "enter any other order that is just under the circumstances."  Fed.R.Crim.P. 16(d)(2).

The government fulfilled its continuing discovery duty by disclosing the DHL shipping documents to Legon Mena as soon as it procured them, the evening of the second day of trial.  *See* Fed.R.Crim.P. 16(c).  The government was only able to acquire the documents after a co-conspirator provided at trial specific chronological information about the DHL package: information that he did not provide during his only pretrial meeting with the government; and Legon Mena heard the co-conspirator's testimony about DHL at the same time.  So the government did not have more notice about the details of the DHL package than Legon Mena; and Legon Mena could have adapted his defensive strategy on the first day of trial (after the testimony about the shipment) rather than claim lack of notice when evidence was introduced two days later to bolster the co-conspirator's

testimony.  Legon Mena did not demonstrate that the evidence substantially influenced the jury who, at other times during the trial, heard him talk on the phone about contacts in Cuba with an informant and an undercover officer and heard testimony that Legon Mena admitted to Agent Ruiz that he sold some Cuban birth certificates to his co-conspirator.  *See Camargo–Vergara*, 57 F.3d at 998.  As such, Legon Mena has not shown substantial prejudice; and we affirm in this respect: the district court did not abuse its discretion when it ruled that the government stopped short of a discovery violation.  *See Campa*, 529 F.3d at 992; *Camargo-Vergara*, 57 F.3d at 998-99.

## II.

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.  In criminal trials, relevant evidence is generally inherently prejudicial; so exclusion under Rule 403 is permitted "only when unfair prejudice substantially outweighs probative value." *United States v.*

4

*Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).  "Rule 403 is an extraordinary remedy, which should be used only sparingly since it permits the trial court to exclude concededly probative evidence."  *Smith*, 459 F.3d at 1295 (quotations and alteration omitted).  "The balance under the Rule, therefore, should be struck in favor of admissibility."  *Id.*  Thus, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  *Id.* (quotation omitted).

Viewing the DHL evidence in the light most favorable to its admission, it was highly probative to corroborate the testimony of a witness whose credibility Legon Mena attacked; whereas, for prejudicial impact, the only new information it provided was that someone named "Legon" mailed a package and that it was actually signed for by an "I. Maria."  *See id.*  It is unclear what unfair prejudicial impact this evidence had beyond corroborating the co-conspirator's testimony that he went to a DHL office, met Legon Mena and his sister, and secured a package from them.  Given the other evidence the jury heard on Legon Mena's connections to Cuba and his admission to selling birth certificates, it is unclear what, if any, impact this evidence had on the jury.  Legon Mena has not demonstrated that the undue prejudice from the DHL evidence substantially outweighed its probative value, given the strong preference for admission of relevant evidence under Rule 403; and, accordingly, we affirm his conviction.  *See id.*

III.

When appropriate, we will review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We review a sentence for reasonableness using a two-step process, ensuring that the sentence is both procedurally and substantively reasonable. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the sentence, including any deviation from the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

The substantive reasonableness of a sentence is determined in the light of the totality of the circumstances, and we will not vacate a sentence as substantively

6

unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *Turner*, 626 F.3d at 573; *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Under this standard, the district court does not need to impose the same sentence we would have given; it need only impose a sentence that is within the range of reasonableness. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in the light of the record and factors outlined in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Nevertheless, merely raising a point without offering substantive argument abandons that issue on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a), including the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; deter criminal conduct; protect the public from the defendant's future criminal conduct; and provide the defendant with educational or vocational training, medical care, or other treatment. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant,

the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1),(3)-(7).

In considering the § 3553(a) factors, the district court does not have to discuss each one explicitly. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). An acknowledgement that the court "has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id* "We will defer to the district's court judgment regarding the weight given to the § 3553(a) factors unless the district court made 'a clear error in judgment' and has imposed 'a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Id.* Furthermore, that a sentence is below the statutory maximum is indicative of its reasonableness. *See id.*

In *Faust*, we wrote that sentencing courts can consider relevant conduct, including acquitted conduct, "so long as the facts underlying the conduct are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict." 456 F.3d 1342, 1348 (11th Cir. 2006). Sentencing enhancements based on acquitted conduct do not violate the Fifth Amendment Due Process Clause or the Sixth Amendment. *Id.* at 1347-48. The sentencing court can also consider uncharged conduct in

8

determining sentencing levels. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006) (district courts are required to consider all relevant, not just charged, conduct in calculating the Guidelines range); *see also United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (the use of extra-verdict enhancements, under an advisory guidelines regime, is not unconstitutional).

On the procedural reasonableness of Legon Mena's sentence, he conceded on appeal that our precedent squarely forecloses his argument that the district court erred in relying on acquitted conduct when it applied a three-level sentencing enhancement. *See Faust*, 456 F.3d at 1348. The district court was also permitted to consider relevant uncharged conduct, namely the involvement of two customers not named in the indictment, as long as the conduct was proved by a preponderance of the evidence. *See Hamaker*, 455 F.3d at 1336. Legon Mena does not now argue on appeal nor did he claim at sentencing that the acquitted conduct and uncharged conduct were not proven by a preponderance of the evidence. He has only argued -- contrary to our precedent -- that the preponderance standard is unconstitutional. *See Rodriguez*, 398 F.3d at 1299; *Faust*, 456 F.3d at 1348. At trial, Special Agent Ruiz testified that the co-conspirator admitted to selling Cuban birth certificates acquired from Legon Mena to seven customers. In the absence of any countervailing evidence, the district court did not err when it found, by a preponderance of the evidence, that the

conspiracy involved more than 5 but less than 25 aliens; and the court imposed a procedurally reasonable sentence. *See Rodriguez*, 628 F.3d at 1264.

Even assuming arguendo that Legon Mena preserved his argument regarding the substantive reasonableness of his sentence, the sentencing court did not clearly err in weighing the § 3553(a) factors or impose a sentence outside the range of reasonable sentences. *See Turner*, 626 F.3d at 573. After explicitly stating that it had considered the advisory guideline range, the facts and circumstances of the case, and the § 3553(a) sentencing factors, the district court imposed a sentence within the guideline range that was well below the 120-month statutory maximum, which is indicative of its reasonableness. *See Gonzalez*, 550 F.3d at 1324. Accordingly, Legon Mena's 20-month sentence was substantively reasonable, and we affirm the sentence.

**AFFIRMED.**